**Adaline ROARK, Administratrix of the Estate of Pryce Roark, Appellant,**

v.

**Honorable James L. KING, Circuit Judge, Breathitt Circuit Court, Appellee.**

Supreme Court of Kentucky.

Sept. 26, 1985.

Reconsideration Denied Dec. 19, 1985.

C.A. Noble, III, Noble, Noble & Noble, Hazard, for appellant.

James Park, Jr., Katherine K. Yunker, Brown, Todd & Heyburn, Lexington, for appellee.

## OPINION AND ORDER

On April 22, 1983, a judgment was entered in the Breathitt Circuit Court awarding appellant $153,345.54, plus interest and costs. The issue was the failure of the then defendant, Lexington Mack, Inc., to obtain credit life insurance on the life of Pryce Roark. On May 12, 1983, the defendant's motion for a judgment n.o.v. and/or a new trial was denied. On May 20, 1983, a notice of appeal was filed. On July 28, 1983, appellant moved to dismiss the appeal on the grounds that the record had not been timely certified pursuant to CR 73.08. The Court of Appeals granted that motion on November 4, 1983. We denied discretionary review on March 21, 1984.

Following this action, appellant attempted to satisfy its judgment against Lexington Mack. On July 16, 1984, the appellee, Judge King, issued an order which granted Mack's motion to vacate and quash execution. Appellant then filed an original action in the Court of Appeals, seeking a writ of mandamus and/or writ of prohibition to set aside Judge King's order. On September 19, 1984, and on December 20, 1984, the Court of Appeals denied appellant's petition. On July 3, 1985, following submission on the briefs only, we issued a memorandum opinion, reversing the Court of Appeals. A petition for rehearing on that matter is now pending before this court.

Because of the content of appellant's brief, on July 3, 1985, this Court issued an order directing the signatory of the brief, C.A. Noble, III, to appear on August 27, 1985 to show cause why he should not be held in contempt of this court. Mr. Noble did appear, along with Monte Gross of Frankfort, Kentucky.

Following an in-depth consideration of the brief in question, a careful reading of Mr. Noble's written response to the show cause order and Mr. Noble's and his co-counsel's arguments at the hearing, we have no doubt that the brief is, indeed, contemptuous of the Court of Justice and we find him guilty and assess a fine of Five Hundred Dollars ($500.00) and direct that he pay the costs of this proceeding.

We will not burden this opinion and order with a lengthy discussion of the contemptuous material. Every member of this Court has been an active, practicing member of the Bar at one time in his career. All of us are aware of the role of an attorney as an advocate of his or her client's cause. By its very nature, a law suit is adversarial. Arguments should and must be made which not only express the client's position, but also point out alleged errors in court

proceedings. But, as all attorneys know, there is a limit to the type of argument to be made. While an attorney may not respect the individual who sits on the bench, it is his or her absolute duty to show respect for the office of judge. If attorneys do not conduct themselves in such a manner, the reputation of the entire court system is in jeopardy. The conduct of attorneys is, in these days and times, under more public scrutiny than ever before. The dregs of Watergate are still haunting the legal profession.

It is clear to the entire Court that the whole tenor of appellant's brief falls far short of that standard demanded of attorneys.

Mr. Noble accuses the circuit court of error which is "inveterate and indiscriminate". The action of the court was said to be "an unequal and unfair application of the law amounting to patent injustice". The proceedings of all lower courts were described as "a pattern of judicial conduct that borders on official lawlessness". The ruling of the Court of Appeals was said to be "unreasoned and apparently unthinking". The decision of the Court of Appeals was described as effectively placing the official integrity of the judiciary of the state into issue.

As noted, the Court denied discretionary review of Lexington Mack's initial appeal to this Court. One member of the court noted that he would have granted review. In commenting on this action, Mr. Noble chastised that justice for expressing this view publicly, especially in view of the fact that Mr. Noble felt that the trial court had "illegally" "bent over backwards" to "help Lexington Mack try and salvage" its appeal. In other words, because Mr. Noble did not agree with the trial court's action, no one—especially a member of this Court—should have the temerity to disagree with Mr. Noble's position.

Appellant's attorney also described Judge King's action as "an utterly irrational judicial act". Moreover, Mr. Noble accused the court of a "veritable judicial conspiracy of silence" in their decision making process.

There are numerous other instances of accusatory, intemperate and unfounded statements in the brief. The overall tenor of the brief and Mr. Noble's written response to our show cause order clearly show that he does not understand his role as an advocate and the role of the court as arbiter. This lack of sensitivity to our judiciary was further evidenced at the hearing before this Court.

One final comment needs to be made. At the hearing before this Court, Mr. Monte Gross appeared and argued on behalf of Mr. Noble. In the course of his statement, he disclosed that, in a substantial way, he had contributed to the writing of the brief. While Mr. Gross is not before this Court, we feel that he deserves to share in the opprobrium that goes with the entry of this order.

All concur.

ENTERED September 26, 1985.

/s/ Robert F. Stephens
Chief Justice