John FRITZ, Appellant,

v.

George E. BARKER, Judge, Fayette Circuit Court; Robert M. True, Clerk, Fayette Circuit Court Clerk's Office, Appellees.

No. 88–SC–593–MR.

Supreme Court of Kentucky.

June 28, 1990.

Motion to Stay Effectiveness of Order and to Reconsider Opinion and Order Denied Feb. 2, 1991.

Gayle E. Slaughter, Lexington, for appellant.

George E. Barker, Circuit Judge, Lexington, for appellee.

## OPINION AND ORDER

The action herein began as an original action in the Court of Appeals in which judgment was entered July 19, 1988, refusing to issue a writ of prohibition and/or mandamus against appellees herein. On March 16, 1989, we entered a memorandum opinion affirming the Court of Appeals. A petition for rehearing was then filed by appellant and was subsequently denied by this Court's order entered September 28, 1989.

Because of the content of appellant's petition for rehearing, on October 18, 1989, this Court issued an order directing the signatory of the brief, Gayle E. Slaughter to appear on December 12, 1989, to show cause why she should not be held to be in contempt and sanctioned for the petition for rehearing she filed on behalf of the appellant.

Following an in-depth consideration of the pleading in question, a careful reading of Ms. Slaughter's written response to the show cause order, her arguments at a hearing before this Court on December 12, 1989, and her supplemental response to this Court's request for information filed on February 20, 1990, we have no doubt that the petition for rehearing is, indeed, contemptuous and upon the facts and for the reasons hereinafter set forth, we find her to be guilty of contempt of this Court and assess against her a fine of Five Hundred Dollars ($500.00) and direct that she pay the costs of this proceeding.

As this Court stated in *Roark v. King*, Ky., 696 S.W.2d 787 (1985),

(W)e will not burden this opinion and order with a lengthy discussion of the contemptuous material. Every member of this Court has been an active, practicing member of the Bar at one time in his career. All of us are aware of the role of an attorney as an advocate of his or her client's cause. By its very nature, a law suit is adversarial. Arguments should and must be made which not only express the client's position, but also point out alleged errors in court proceed-

ings. But, as all attorneys know, there is a limit to the type of argument to be made. While an attorney may not respect the individual who sits on the bench it is his or her absolute duty to show respect for the office of judge. If attorneys do not conduct themselves in such a manner, the reputation of the entire court system is in jeopardy. The conduct of attorneys is, in these days and times, under more public scrutiny than ever before.

As was the case in *Roark, supra*, it is clear to this Court that appellant's petition for rehearing falls far short of that standard demanded of attorneys.

In the petition for rehearing, Ms. Slaughter accused counsel, John Darsie, and circuit court judge, Honorable George E. Barker, of conduct rising to a level that is "statutorily criminal." The actions of the trial court were stated to be with "actual malice and a retaliatory spirit" and Judge Barker's failure to respond to Ms. Slaughter's characterizations was stated to constitute "a judicial admission of the truth of said allegations of criminal wrongdoing." Likewise, appellee Darsie's failure to respond to Ms. Slaughter's allegations was deemed by her to be an admission of his perpetration of perjury and forgery.

Ms. Slaughter's unsubstantiated character assassination continued as she stated that it was both proven and undenied that Mr. Darsie and the Respondent real party in interest, the University of Kentucky, have a notorious reputation for perpetrating fraud upon various tribunals. Further, she claimed that as the guilt of these parties was apparent to her, they must provide evidence to refute her allegations. In other words, because Ms. Slaughter states what she believes the facts to be, any party so accused is bound by her characterization unless they are rebutted.

There are numerous other instances of accusatory, intemperate and unfounded statements in the petition. Ms. Slaughter was accorded numerous opportunities to produce evidence in support of these allegations and failed to do so. The overall tenor of the petition for rehearing, Ms. Slaughter's written response to our show cause order and Ms. Slaughter's supplemental response to this Court's request for information clearly show that she does not understand her role as an advocate nor respect the role of the court as arbiter. This lack of respect for the judiciary was further evidenced at the hearing before this Court.

For these reasons, Gayle E. Slaughter, is held to be in contempt of this Court and we hereby assess against her a fine of Five Hundred Dollars ($500.00) and direct that she pay the costs of this action.

GANT, LAMBERT, LEIBSON and WINTERSHEIMER, JJ., and CHARLES J. BAIRD and CHARLES W. CURRY, Special Justices, sitting.

All concur.

STEPHENS, C.J., and COMBS and VANCE, JJ., not sitting.

ENTERED June 28, 1990.

(s) William M. Gant
Acting Chief Justice